UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFACE RECORDS, LLC, a Delaware limited liability company, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN DOE,<br><br>    Defendant.<br>_____/ | No. C 07-4121 MMC (WDB)<br><br>**ORDER RE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** |

On August 9, 2007, Plaintiffs filed their Application for Leave to Take Immediate Discovery, which the District Court referred to the undersigned for review and decision. The Court has reviewed Plaintiffs' Application and supporting papers and ORDERS as follows.

Plaintiffs have demonstrated good cause to obtain a court order permitting them to propound discovery before the time contemplated in Federal Rule of Civil Procedure 26(d). First, Plaintiffs cannot proceed with their case without identifying Defendant. Second, Plaintiffs have proffered evidence that would support an inference that the records kept by ISP providers — records that would enable Plaintiffs to identify Defendant —are often destroyed within a short time of their creation.

Plaintiffs may serve immediate discovery on the University of California, Santa Cruz to obtain the identity of John Doe by serving a subpoena, pursuant to Federal Rule of Civil Procedure 45, that seeks documents sufficient to identify Defendant John Doe, including Doe's name, current address, telephone number, e-mail address, and Media Access Control address.

**Within five (5) court days of receiving service of the subpoena**, the University of California, Santa Cruz MUST provide written notice to the subscriber whose identity is to be disclosed in response to the subpoena.

If the University of California, Santa Cruz and/or the subscriber whose identity is to be disclosed wish to move to quash the subpoena, they shall do so before the return date of the subpoena, which shall be **thirty (35) days** from the date of service.

Once served with Plaintiffs' subpoena, the University of California, Santa Cruz MUST PRESERVE the data and information sought via the subpoena pending resolution of any timely filed motion to quash.

Plaintiffs MUST SERVE a copy of this order on the University of California, Santa Cruz along with service of the subpoena.

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena shall be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint, filed August 9, 2007.

The Court DECLINES Plaintiffs' request for a statement by the Court that disclosure is permitted under 20 U.S.C. § 1232g. This Order authorizes Plaintiffs to propound discovery via a Rule 45 subpoena. This Order does not compel disclosure of the information sought by the subpoena; instead, it permits the University or the targeted individual, if either so chooses, to litigate the enforceability of the subpoena after it has been served. Accordingly, Plaintiffs

1 | have not demonstrated the necessity of such a statement at this juncture in the
2 | proceedings.
3 | IT IS SO ORDERED.
4 | Dated: August 22, 2007          _____
5 |                                  WAYNE D. BRAZIL
                                     UNITED STATES MAGISTRATE JUDGE
6 | Copies: Parties, MMC, WDB, Stats

3