1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:  matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   LAFACE RECORDS LLC; UMG RECORDINGS,
7  INC.; SONY BMG MUSIC ENTERTAINMENT;
   and MOTOWN RECORD COMPANY, L.P.
8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| LAFACE RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and MOTOWN RECORD COMPANY, L.P., a California limited partnership,<br><br>    Plaintiffs,<br><br> v.<br><br>JOHN DOE,<br>    Defendant. | CASE NO. C 07-04121 MMC<br><br>**The Honorable Maxine M. Chesney**<br><br>***EX PARTE*** **APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint. As further explained below, Plaintiffs do not yet know the true identity of the Doe defendant in this case. In support of their request, Plaintiffs state as follows:

1. The current deadline for service of process on Defendant is January 15, 2008. The initial case management conference is scheduled for February 15, 2008. Both the case management conference and the service deadline were previously continued upon Plaintiffs' request by the Court's Order of November 9, 2007.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on August 9, 2007. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, University of California, Santa Cruz.

3. In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on August 9, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on August 22, 2007, which was served upon the ISP along with a Rule 45 subpoena.

5. The ISP responded to the subpoena on November 28, 2007, but unfortunately did not identify this Defendant. Plaintiffs have since contacted the ISP several times in hopes of obtaining the identity of Defendant, but have so far not received a response to their inquiries. In the absence of identification by the ISP, Plaintiffs cannot learn the true identity of the individual infringing on their rights under the Copyright statutes.

6. Plaintiffs previously applied for an extension of time for service from the original service deadline of December 7, 2007 in anticipation of receiving identification of the Doe Defendant pursuant to the subpoena on November 28, 2007.

7. There is not a sufficient amount of time prior to the service deadline for the ISP to respond with the true name and address of the Doe Defendant and for Plaintiffs then to notify Defendant of their claim, attempt to resolve the dispute, and/or amend the complaint to name Defendant personally and serve Defendant with the Summons and Complaint.

8. If Plaintiffs are unable to learn Defendant's true identity, Plaintiffs will promptly file a notice of dismissal without prejudice.

9. Given the circumstances of this case, Plaintiffs respectfully request an additional 90 days to effectuate service.

10. Plaintiffs' submit that the filing of their *Ex Parte* Application for Leave to Take Immediate Discovery demonstrates "good cause" under Rule 4 for an extension of time for service. *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions). Unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs will be unable to proceed unless and until they first obtain the Doe defendant's identity from the ISP. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

11. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

12. Plaintiffs therefore request that the time to serve the Summons and Complaint on the Defendant be extended an additional 90 days.

Dated: January 11, 2008                             HOLME ROBERTS & OWEN LLP

                                                              By: */s/ Matthew Franklin Jaksa*
                                                                  MATTHEW FRANKLIN JAKSA
                                                                  Attorney for Plaintiffs

1 **ORDER**

2     Good cause having been shown:

3     **IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and

4 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to April 14,

5 2008. Additionally, the February 15, 2008 Case Management Conference is continued to May 16,

6 2008. The parties shall file a Joint Case Management Statement no later than May 9, 2008.

8 Dated:  January 14, 2008                                       By:  *Maxine M. Chesney*

9                                                              Honorable Maxine M. Chesney
                                                             United States District Judge